UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DENISE RAMIREZ QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>U.S. GOVERNMENT,<br><br>Defendant. | Case No. 2:24-cv-00327-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE:  ECF Nos. 1, 1-2 |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-2. The Court reviewed both.

District courts have the authority to dismiss cases *sua sponte* when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff sues the U.S. Government alleging "project artichoke" was used on Plaintiff and her family causing her to almost kill herself and her daughter. ECF No. 1-1 at 6. Plaintiff also says the Government "hacked her brain." Plaintiff's allegations are so fantastic that they are not believable. Plaintiff does not identify a claim or tie logical facts to a cause of action. Instead,

Plaintiff presents delusional facts that cannot, under any circumstances, be revised to state a claim upon which relief may be granted.[1]

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be DENIED as moot.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be DISMISSED with prejudice.

Dated this 20th day February, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] The Court further finds Plaintiff's inability to state a claim is confirmed by the United States Government's immunity from suit. *Jachetta v. United States*, 653 F.3d 898, 912 (9th Cir. 2011) (federal sovereign immunity bars civil rights violations claims against United States).